UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ELEVATOR CONSTRUCTORS UNION
LOCAL NO. 1 ANNUITY & 401(K) FUND,
on Behalf of Itself and All Others Similarly
Situated,

        Plaintiff,

  vs.

RECKITT BENCKISER GROUP PLC,
LAXMAN NARASIMHAN, NICANDRO
DURANTE, KRISTOFFER LOE LICHT,
PATRICK SLY, and JEFFERY CARR,

        Defendants.

---------------------------------------------------------------- x

: Civil Action No. 1:25-cv-04708-JPC-SDA

: CLASS ACTION

: MEMORANDUM OF LAW IN SUPPORT
: OF MOTION FOR APPOINTMENT AS
: LEAD PLAINTIFF AND APPROVAL OF
: LEAD PLAINTIFF'S SELECTION OF
: LEAD COUNSEL

4903-3294-0889.v1

## I.    INTRODUCTION

This action is brought on behalf of purchasers of Reckitt Benckiser Group PLC ("Reckitt" or the "Company") American Depositary Shares ("ADS") between January 13, 2021 and July 28, 2024, inclusive (the "Class Period"), against Reckitt and certain of its officers and directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action.  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund (the "Pension Fund") respectfully submits that it is the presumptively most adequate plaintiff in this case because it filed a timely motion in response to a notice, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Reckitt is a United Kingdom-based global consumer goods company.  In 2017, Reckitt acquired Mead Johnson Nutrition for $19.7 billion.  Reckitt's Nutrition segment includes infant and baby formulas such as Enfamil, a cow's milk-based formula designed for premature infants.

The complaint alleges that research has confirmed strong links between cow-based products and Necrotizing Enterocolitis ("NEC") causing and/or substantially contributing to death in preterm and severely preterm, low-weight infants, along with many other health complications and long-term

- 1 -

4903-3294-0889.v1

risks to these babies.   The complaint alleges defendants concealed that: (i) preterm infants were at an increased risk of developing NEC by consuming Reckitt's cow's milk-based formula, Enfamil; and (ii) Reckitt failed to warn investors and consumers of the attendant impact on Reckitt's sales of Enfamil and Reckitt's exposure to legal claims.

On March 15, 2024, in the case captioned *Watson v. Mead Johnson Co*., Docket No. 21-L-1032 (Ill. Cir. Ct. Oct. 28, 2021), a jury in St. Clair County, Illinois returned a $60 million verdict in the first NEC lawsuit to be tried to a verdict, with the jury finding that Mead Johnson was negligent and failed to warn the decedent's mother of the increased risk her preterm infant could develop NEC by consuming cow's milk-based formula.  On this news, the price of Reckitt ADSs fell nearly 14%.

Then, on July 29, 2024, a jury in St. Louis, Missouri concluded that the competing product of Abbot Laboratories, Inc. – a manufacturer of a cow's milk baby formula for premature babies similar in material respects to Enfamil – led to a baby developing NEC and awarded the plaintiff $495 million.  *See Gill v. Abbot Laboratories, Inc*., Docket No. 2322-CC1251 (Mo. Cir. Ct. Jun. 23, 2023).  On this news, the price of Reckitt ADSs fell nearly 9%, further damaging investors.

## III.    ARGUMENT

### A.    The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member

- 2 -

4903-3294-0889.v1

of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in the action was published on June 5, 2025. *See* Declaration of Chad Johnson in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Johnson Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Pension Fund meets these requirements and should be appointed Lead Plaintiff.

### 1.    The Pension Fund's Motion Is Timely

The June 5, 2025, statutory notice advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by August 4, 2025. *See* Johnson Decl., Ex. A. Because the Pension Fund's motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2.    The Pension Fund Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, the Pension Fund purchased 585,730 shares of Reckitt ADSs and suffered more than $1.2 million in losses as a result of defendants' alleged violations of the federal securities laws. *See* Johnson Decl., Exs. B, C. To the best of the Pension Fund's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3. The Pension Fund Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "[A]t this stage of litigation, only a preliminary showing of typicality and adequacy is required." *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). "'Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Zawatsky v. Vroom, Inc.*, 2021 WL 3498191, at *6 (S.D.N.Y. Aug. 6, 2021) (citations omitted). The adequacy "requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id.* (citation omitted).

Here, the Pension Fund's claims are typical of those of the class because – like all other members of the class – the Pension Fund purchased Reckitt ADSs during the Class Period, was negatively affected by defendants' alleged false and misleading statements and omissions, and suffered damages therefrom. The Pension Fund therefore satisfies the typicality requirement of Rule 23.

The Pension Fund is also adequate because its interests in the action are squarely aligned with the interests of the other members of the class. The Pension Fund is highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses the Pension Fund suffered. Finally, as set forth in greater detail below, the Pension Fund's adequacy is bolstered by its hiring of Robbins Geller – highly qualified counsel with significant success prosecuting federal securities class actions – to serve as lead counsel.

- 4 -

Moreover, the Pension Fund fully understands the obligations of a lead plaintiff to absent class members under the PSLRA and is willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution.  The Pension Fund manages millions in assets for the benefit of its members who work in industrial and commercial settings. The Pension Fund is well-equipped to direct the prosecution of this action as it has a full-time staff, as well as legal personnel who have already expended, and will continue to expend, the time and resources necessary to diligently supervise this litigation.  Moreover, the Pension Fund has significant experience and a track record of success serving as a lead plaintiff under the PSLRA.  *See St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 3:18-cv-00988 (M.D. Tenn.) (serving as lead plaintiff and class representative for a certified class, having satisfied Rule 23's rigorous requirements at the class certification stage); *Fleming v. Impax Labs., Inc.*, No. 4:16-cv-06557 (N.D. Cal.) ($33 million recovery with Robbins Geller as lead counsel); *Hessefort v. Super Micro Comput., Inc.*, No. 4:18-cv-00838 (N.D. Cal.) ($18.25 million recovery with Robbins Geller as lead counsel).  Indeed, the Pension Fund is precisely the type of sophisticated institutional investor that Congress intended to empower to lead complex securities class actions, like the current action: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).  Accordingly, the Pension Fund readily satisfies the adequacy requirement.

Because the Pension Fund filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

- 5 -

4903-3294-0889.v1

**B.    The Court Should Approve the Pension Fund's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Pension Fund has selected Robbins Geller to serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *San Antonio Fire & Police Pension Fund v. Dentsply Sirona Inc.*, No. 1:22-cv-06339-JPC, 2023 WL 3750115, at *8 (S.D.N.Y. June 1, 2023) ("The Court has reviewed Robbins Geller's firm resume, which sets forth its extensive experience representing plaintiffs in class actions and profiles the partners and other attorneys who have led those representations."); *Roofers Loc. No. 149 Pension Fund v. Amgen Inc.*, No. 1:23-cv-02138-JPC, 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023) (this Court appointing Robbins Geller as lead counsel in securities litigation); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No.

---

[1]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4903-3294-0889.v1

1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.    They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]  Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation.  Accordingly, the Pension Fund's selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[2]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

## IV.    CONCLUSION

The Pension Fund satisfies each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Fund respectfully requests that the Court grant its motion.

DATED:  August 4, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL


_s/ Chad Johnson_
CHAD JOHNSON

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone:  212/652-3890
vpitta@pittalaw.com

Additional Counsel

4903-3294-0889.v1

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 2,293 words.

*s/ Chad Johnson*

CHAD JOHNSON

- 9 -

4903-3294-0889.v1