UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

ELEVATOR CONSTRUCTORS UNION
LOCAL NO. 1 ANNUITY & 401(K) FUND,
on Behalf of Itself and All Others Similarly
Situated,

                    Plaintiff,

      vs.

RECKITT BENCKISER GROUP PLC,
LAXMAN NARASIMHAN, NICANDRO
DURANTE, KRISTOFFER LOE LICHT,
PATRICK SLY, and JEFFERY CARR,

                  Defendants.

———————————————————— x

:  Civil Action No. 1:25-cv-04708-JPC-SDA
:
:  CLASS ACTION
:
:
:  NYHTCHA FUND'S RESPONSE IN
:  FURTHER SUPPORT OF LEAD PLAINTIFF
:  MOTION
:
:
:
:
:
:
:
:
:
:
:
:

4916-4127-2160.v1

## I.    INTRODUCTION

Two motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action by: (1) New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("NYHTCHA Fund") and (2) Elevator Constructors Union Local No. 1 Annuity & 401(K) Fund ("ECU Fund").  *See* ECF 20, 23.

Based on information contained in the movants' motions, the NYHTCHA Fund is clearly the "most adequate plaintiff" within the meaning of the PSLRA.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, the NYHTCHA Fund's loss of nearly $1.3 million is more than ***six times*** larger than the loss claimed by the ECU Fund, and the NYHTCHA Fund otherwise meets the Rule 23 typicality and adequacy requirements.  Moreover, there is, and will be, no "proof" that the NYHTCHA Fund is inadequate or subject to unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Further, recognizing its smaller losses, on August 18, 2025, the ECU Fund filed a notice of non-opposition.  *See* ECF 30. Accordingly, the NYHTCHA Fund's motion should be granted.

## II.    ARGUMENT

### A.    The NYHTCHA Fund Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

In this District, while courts can consider four factors (shares purchased, net shares purchased, net funds expended, and loss) to determine the largest financial interest, "[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest and

4916-4127-2160.v1

outweighs net shares purchased and net expenditures." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011); *see also Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) (collecting cases); *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015).

Here, however, the NYHTCHA Fund possesses a larger financial interest than the ECU Fund under ***each of the four factors*** considered by courts in assessing which movant is the most adequate plaintiff.

| MOVANT | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLAIMED LOSS |
|---|---|---|---|---|
| NYHTCHA Fund | 585,730 | 125,439 | $2,763,451 | $1,289,231 |
| ECU Fund | 97,992 | 64,929 | $963,536 | $199,311 |

There can be no legitimate dispute, then, that the NYHTCHA Fund possesses the "largest financial interest" in this litigation:

Aside from having the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the NYHTCHA Fund must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). Here, there can be no question that the NYHTCHA Fund satisfies this requirement. *See* ECF 21 at 4-5. Indeed, as an institutional investor with experience serving as lead plaintiff, the NYHTCHA Fund is precisely the type of sophisticated institutional investor that Congress intended to empower to lead complex securities class actions, like the current action: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *Cendant*, 264 F.3d at 273; *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 3:18-cv-00988 (M.D. Tenn.) (NYHTCHA Fund currently serving as lead plaintiff and class representative

- 2 -

for a certified class, having satisfied Rule 23's rigorous requirements at the class certification stage); *Fleming v. Impax Labs., Inc.*, No. 4:16-cv-06557 (N.D. Cal.) ($33 million recovery obtained by NYHTCHA Fund); *Hessefort v. Super Micro Comput., Inc.*, No. 4:18-cv-00838 (N.D. Cal.) ($18.25 million recovery obtained by NYHTCHA Fund).

Because the NYHTCHA Fund clearly has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

### B.    The Presumption of "Most Adequate Plaintiff" Which Lies in Favor of the NYHTCHA Fund Cannot Be Rebutted

The presumptive lead plaintiff, in this case the NYHTCHA Fund, must be appointed unless it is ***proven*** that it will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original); *see also Cavanaugh*, 306 F.3d at 730-32.

The NYHTCHA Fund has made the required *prima facie* showing of typicality and adequacy. *See* ECF 21 at 4-6. In addition, the ECU Fund cannot present proof to rebut the presumption which lies in favor of the NYHTCHA Fund because none exists. The NYHTCHA Fund also selected a law firm highly experienced in securities litigation to serve as lead counsel. *See id*. at 6-7. Consequently, the presumption of "most adequate plaintiff," which lies in favor of the NYHTCHA Fund cannot be rebutted. The NYHTCHA Fund's motion for appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel should be granted and the motion filed by the ECU Fund should be denied.

4916-4127-2160.v1

## III.    CONCLUSION

The NYHTCHA Fund is the presumptively most adequate plaintiff because it possesses the largest financial interest in the relief sought by the class and meets Rule 23's adequacy and typicality requirements.  In addition, the presumption which lies in the NYHTCHA Fund's favor cannot be rebutted.  Therefore, the NYHTCHA Fund respectfully requests that this Court enter an order: (1) appointing the NYHTCHA Fund to serve as Lead Plaintiff in this action; (2) approving the NYHTCHA Fund's selection of Lead Counsel; and (3) denying the ECU Fund's competing motion for appointment as lead plaintiff.

DATED:  August 18, 2025                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL


*s/ Chad Johnson*
CHAD JOHNSON

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 4 -

4916-4127-2160.v1

PITTA LLP
VINCENT F. PITTA
120 Broadway, 28th Floor
New York, NY  10271
Telephone:  212/652-3890
vpitta@pittalaw.com

Additional Counsel

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing memorandum of law complies with the formatting and word-count limitations pursuant to Rule 7.1(c) of the United States District Court for the Southern District of New York as it contains 974 words.

*s/ Chad Johnson*
CHAD JOHNSON

4916-4127-2160.v1