UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Elevator Constructors Union Local No. 1 Annuity & 401(k) Fund,<br><br>         Plaintiff,<br><br>-against-<br><br>Reckitt Benckiser Group plc, et al.,<br><br>         Defendants. | 1:25-cv-04708 (JPC) (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court are a motion by New York Hotel Trades Council & Hotel Association of New York City, Inc. Pension Fund ("NYHTCHA Fund") for appointment as lead plaintiff (NYHTCHA Fund Not. of Mot., ECF No. 20) and a motion by Elevator Constructors Union Local No. 1 Annuity & 401(K) Fund ("ECU Fund") for appointment as lead plaintiff. (ECU Fund Not. of Mot., ECF No. 23.) For the reasons set forth below, the NYHTCHA Fund's motion is GRANTED, and the ECU Fund's motion is DENIED.

**BACKGROUND**

On June 5, 2025, this action was commenced asserting claims against Reckitt Benckiser Group PLC ("Reckitt") and certain of its officers and directors (collectively, the "Defendants") under Section 10(b) (and Rule 10b-5 promulgated thereunder) and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), on behalf of all persons other than Defendants who purchased or otherwise acquired Reckitt American Depositary Shares ("ADSs") between January 13, 2021, and July 28, 2024, inclusive, and were damaged thereby (the "Class") (Compl., ECF No. 1, ¶¶ 1, 46, 64-78.) On June 5, 2025, the same day this action was filed, a notice of pendency of

the action was published on *Business Wire*, a national newswire service, setting a deadline of August 4, 2025 for members of the Class to apply to be lead plaintiff. (Ex. A to Johnson Decl., ECF No. 22-1; Ex. A to Laughlin Decl., ECF No. 26-1.)

On August 4, 2025, the NYHTCHA Fund and the ECU Fund both timely applied to be lead plaintiff. (*See* NYHTCHA Fund Not. of Mot.; ECU Fund Not. of Mot.) In its moving memorandum, the NYHTCHA Fund stated that "[t]o the best of [its] counsel's knowledge, there are no other plaintiffs with a larger financial interest [than the NYHTCHA Fund]." (NYHTCHA Fund Mem., ECF No. 21, at 3.) In its moving memorandum, the ECU Fund stated that "[t]o its knowledge, the [ECU] Fund is the Lead Plaintiff movant with the largest financial interest in the relief sought by the Class." (ECU Fund Mem., ECF No. 27, at 5.)

On August 5, 2025, this Court entered an Order directing that each of the NYHTCHA Fund and the ECU Fund file a submission, no later than August 18, 2025, addressing which of the two has the largest financial interest in the relief sought by the Class, as well as whether the requirements of Rule 23 are otherwise satisfied as to each. (8/5/25 Order, ECF No. 29, at 2.) On August 18, 2025, the NYHTCHA Fund timely filed its response to the Court's Order, stating (with numerical support) that it "possesses a larger financial interest than the ECU Fund." (NYHTCHA Fund Resp., ECF No. 31, at 2.) On August 18, 2025, the ECU Fund also timely submitted its response, stating that "it appears that [the ECU Fund] has not asserted the 'largest financial interest.'" (ECU Fund Not. of Non-Opposition, ECF No. 30, at 1.)

**DISCUSSION**

I. **Appointment Of Lead Plaintiff**

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. § 78u-4, *et seq*. ("PSLRA") governs the appointment of a lead plaintiff in a private securities class action. The PSLRA directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Under the PSLRA, the court must "adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that": (A) "has either filed the complaint or made a [timely] motion" to be appointed as lead plaintiff(s); (B) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (C) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* This presumption may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See id.* § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

The Court finds that the NYHTCHA Fund has met its burden of demonstrating that it is the most adequate party to serve as lead plaintiff and therefore grants its motion.[1] The Court below addresses each of the statutory requirements as applied to the NYHTCHA Fund.

A. **Timeliness**

In a case arising under the Exchange Act, the PSLRA requires that within 20 days of the filing of a complaint, plaintiffs must publish, "in a widely circulated national business-oriented

---

[1] Since the ECU Fund admits that it does not have the largest financial interest, the ECU Fund has not met its burden, and its motion is denied.

3

publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period; and . . . that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)-(II). Statutory notice timely was published on *Business Wire*, a national newswire service on June 5, 2025, the same day that the Complaint was filed in this action. (*See* Ex. A to Johnson Decl.; Ex. A to Laughlin Decl.) The NYHTCHA Fund timely filed its motion for appointment as lead plaintiff on August 4, 2025, within 60 days thereafter. (*See* NYHTCHA Fund Not. of Mot.) Accordingly, it has satisfied the first requirement to become the presumptive lead plaintiff.

### B. Financial Interest

The Court also finds that the NYHTCHA Fund is the movant asserting the largest financial interest. In assessing relative financial interests, courts in this Circuit traditionally have applied a four factor test, that considers "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *Turpel v. Canopy Growth Corp.*, 704 F. Supp. 3d 456, 465 (S.D.N.Y. Nov. 30, 2023) (citation omitted). "Of these factors, courts have consistently held the fourth, the magnitude of the loss suffered, most significant." *Id.*; *see also Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("[m]ost courts agree that the largest loss is

4

the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures").

Here, the NYHTHCA Fund purchased a total of 585,730 shares, its net shares purchased were 125,439, its net funds expended were $2,763,451 and its claimed loss is $1,289,231. (*See* NYHTCHA Fund Resp. at 2.) The only other movant for lead plaintiff, *i.e.*, the ECU Fund, concedes that it has not asserted a larger financial interest. (*See* ECU Fund Not. of Non-Opposition at 1.) Accordingly, the second requirement for the NYHTHCA Fund to become presumptive lead plaintiff also has been met.

C.   **Rule 23**

Finally, the NYHTHCA Fund has made a preliminary showing that it otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Although Rule 23's class certification requirements include numerosity, commonality, typicality and adequacy, at this preliminary stage, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Carpenter v. Oscar Health, Inc.*, 631 F. Supp. 3d 157, 162 (S.D.N.Y. 2022) (quoting *In re Paysafe Ltd.*, No. 21-CV-10611 (ER) (KHP), 2022 WL 1471122, at *7 (S.D.N.Y. May 10, 2022)); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of litigation, only a preliminary showing of typicality and adequacy is required." (citation omitted)).

In the present case, the NYHTHCA Fund's claims are typical of those of the class because, like other members of the Class, it purchased Reckitt ADSs during the Class Period, was negatively affected by Defendants' alleged false and misleading statements and omissions, and suffered damages therefrom. The NYHTHCA Fund is adequate because its interests in the action are

5

aligned with the interests of the other Class members. Nothing suggests that the NYHTHCA Fund has any conflict of interest with the Class, is subject to a unique defense or suffers any other infirmity that would impair its ability to represent the Class. The NYHTHCA Fund has certified that it is willing to fulfill the duties of lead plaintiff (Heim Cert., ECF No. 22-2) and has retained experienced counsel. (NYHTCHA Fund Mem. at 6.) Therefore, the NYHTHCA Fund is entitled to the presumption that it is the most adequate lead plaintiff.

Given the lack of opposition to the NYHTHCA Fund's motion, no proof has been offered rebutting this presumption. The Court therefore finds that the NYHTHCA Fund is the most adequate plaintiff and appoints it to serve as lead plaintiff.

## II.     Approval Of Lead Counsel

Subject to the Court's approval, lead plaintiff shall "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts "generally defer to the plaintiff's choice of counsel, and will only reject the plaintiff's choice if necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20-CV-09132 (AJN), 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021) (cleaned up). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys*. v. Cognyte Software Ltd., No. 23-CV-01769 (LGS), 2023 WL 6458930, at *7 (S.D.N.Y. Oct. 4, 2023) (citation omitted).

The NYHTCHA Fund has selected Robbins Geller Rudman & Dowd LLP as lead counsel. Robbins Geller has substantial experience in the prosecution of securities fraud class actions, and is qualified to prosecute this securities action on behalf of the Class. (*See* NYHTCHA Fund Mem. at 6-7.)  Accordingly, the Court approves the selection of Robbins Geller as counsel.

**CONCLUSION**

For the foregoing reasons, the NYHTHCA Fund's motion for appointment as lead plaintiff and approval of lead plaintiff's counsel (ECF No. 20) is GRANTED. The ECU Fund's motion for the same (ECF No. 23) is DENIED. The NYHTHCA Fund is appointed lead plaintiff, and Robbins Geller is appointed lead counsel.

Pursuant to the Court's prior Order (*see* 7/8/25 Order, ECF No. 18), no later than September 2, 2025, Robbins Geller and Defendants' counsel shall confer and submit a proposed schedule for the filing of an amended complaint and Defendants' response thereto.

**SO ORDERED.**

Dated:   New York, New York
         August 19, 2025

_____
STEWART D. AARON
United States Magistrate Judge

7