**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re RECKITT BENCKISER GROUP PLC SECURITIES LITIGATION | No. 1:25-cv-04708-JPC-SDA<br><br>CLASS ACTION<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT NICANDRO DURANTE'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(5)**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................1

BACKGROUND ..................................................................................................................................1

ARGUMENT .......................................................................................................................................3

I.      The Court Should Dismiss the Claims Against Mr. Durante for Insufficient Service of Process ........................................................................................................................................3

II.     This Court Lacks Personal Jurisdiction Over Mr. Durante..................................................5

CONCLUSION....................................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Alki Partners, L.P. v. Vatas Holding GmbH,*
  769 F. Supp. 2d 478 (S.D.N.Y. 2011)....................................................................................5

*Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.,*
  480 U.S. 102 (1987)................................................................................................................8

*Burda Media, Inc. v. Viertel,*
  417 F.3d 292 (2d Cir. 2005)...................................................................................................4

*Das v. Rio Tinto PLC,*
  332 F. Supp. 3d 786 (S.D.N.Y. 2018)....................................................................................7

*DeLuca v. AccessIT Grp., Inc.,*
  695 F. Supp. 2d 54 (S.D.N.Y. 2010).....................................................................................3

*Dickerson v. Napolitano,*
  604 F.3d 732 (2d Cir. 2010)...................................................................................................3

*Digilytic Int'l FZE v. Alchemy Fin., Inc.,*
  2024 WL 4008120 (S.D.N.Y. Aug. 30, 2024)........................................................................4

*Fire & Police Pension Ass'n of Colo. v. Bank of Montreal,*
  368 F. Supp. 3d 681 (S.D.N.Y. 2019)....................................................................................5

*Fuld v. Palestine Liberation Org.,*
  606 U.S. 1 (2025)................................................................................................................6, 8

*Gorbaty v. Mitchell Hamline Sch. of Law,*
  2019 WL 3297211 (D.N.J. July 23, 2019).............................................................................7

*Grainer v. Smallboard, Inc.,*
  2017 WL 736718 (E.D. Pa. Feb. 24, 2017) ........................................................................8, 9

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.,*
  529 F. Supp. 3d 111 (S.D.N.Y. 2021)....................................................................................5

*In re Alibaba Grp. Holding Ltd. Sec. Litig.,*
  2023 WL 2601472 (S.D.N.Y. Mar. 22, 2023) .......................................................................8

*In re Foreign Exch. Benchmark Rates Antitrust Litig.,*
  2016 WL 1268267 (S.D.N.Y. Mar. 31, 2016) .......................................................................5

*Kelly v. Vesnaver,*
  2017 WL 2389506 (E.D.N.Y. Apr. 11, 2017) .......................................................................4

*Machulsky v. Hall*,
    210 F. Supp. 2d 531 (D.N.J. 2002) .......................................................................................7

*Mende v. Milestone Tech., Inc.*,
    269 F. Supp. 2d 246 (S.D.N.Y. 2003)..................................................................................4

*Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameries*,
    2004 WL 2199547 (S.D.N.Y. Sept. 29, 2004).....................................................................8

*Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*,
    2025 WL 3022826 (S.D.N.Y. Oct. 29, 2025) ...............................................................6, 7, 8

*United States v. Bout*,
    2011 WL 2693720 (S.D.N.Y. July 11, 2011) ......................................................................6

*United States v. Mostafa*,
    965 F. Supp. 2d 451 (S.D.N.Y. 2013)..................................................................................6

*Vidurek v. Koskinen*,
    789 F. App'x 889 (2d Cir. 2019) .........................................................................................3

## Constitutional Provisions

U.S. Const. amend. V...........................................................................................................5, 6

U.S. Const. amend. XIV .........................................................................................................6

## Statutes

15 U.S.C. § 78aa ....................................................................................................................5

Financial Services and Markets Act 2000 (UK) ....................................................................3

Defendant Nicandro Durante submits this memorandum of law in support of his motion to dismiss the Amended Complaint, Dkt. No. 44 ("Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). In the alternative and without waiving any rights, should the Court deny Mr. Durante the relief requested herein, Mr. Durante joins the arguments for dismissal presented in the motion to dismiss pursuant to Rule 12(b)(6) filed contemporaneously. Accompanying this memorandum are the Declarations of Nicandro Durante ("Durante Decl.") and Timothy J. Perla.

## INTRODUCTION

Plaintiffs assert securities fraud claims against Reckitt Benckiser Group plc ("Reckitt" or the "Company"), a foreign company, and certain of its former executives, including Mr. Durante, a former Reckitt employee who is a Brazilian citizen residing in Brazil. The securities fraud claims against all Defendants are baseless and are the subject of a contemporaneously filed motion to dismiss for failure to state a claim. This motion seeks dismissal of the claims against Mr. Durante because Plaintiffs have failed to carry their burden to prove that Mr. Durante has been adequately served or that the Court may exercise personal jurisdiction over him. Plaintiffs' attempt at service—which consisted of leaving papers with an employee of Reckitt Benckiser LLC in New Jersey—falls short of the Federal Rules' clear service requirements. And, in over 230 paragraphs, the Complaint alleges no nexus between Mr. Durante and the United States to support the exercise of personal jurisdiction.

## BACKGROUND

Reckitt is a company based in and incorporated in the United Kingdom. ¶ 17; Durante Decl. ¶ 5.[1] It is not a U.S. issuer of securities. Durante Decl. ¶ 9. Reckitt's ordinary shares trade

---

[1] "¶ _" refers to the Complaint.

on the London Stock Exchange and its American Depository Shares ("ADSs") trade on the "over-the-counter" market.  ¶ 17; Durante Decl. ¶ 9.  The operative Deposit Agreement for the ADSs contains a forum selection clause in which Reckitt—not Mr. Durante—consents to jurisdiction in New York for claims against the Company arising out of or based on the Deposit Agreement or transactions contemplated by it.  ¶ 13; Ex. 5 (Deposit Agreement).[2]

Mr. Durante is a Brazilian citizen who resides in Brazil.  ¶ 11; Durante Decl. ¶ 3. Between 2019 and 2023, Mr. Durante held board and executive positions at Reckitt.  ¶ 19.  From 2019 to October 2022, Mr. Durante was a Senior Independent Director, and from October 2022 to September 2023, Mr. Durante was Reckitt's CEO.  *Id.*  Mr. Durante retired from Reckitt's board of directors in December 2023.  Durante Decl. ¶ 2.  Plaintiffs allege that by virtue of his "position[] with Reckitt," Mr. Durante "possessed the power and authority to control the contents of Reckitt's annual reports, press releases, website, and presentations to securities analysts, money and portfolio managers, and institutional and retail investors."[3] ¶ 23.

Plaintiffs filed this action on June 5, 2025 asserting claims under the Securities Exchange Act of 1934 ("Exchange Act").  Dkt. No. 1.  On June 25, 2025, years after Mr. Durante left Reckitt, Plaintiffs filed an affidavit of service of the summons and the operative complaint, attesting that, on June 18, 2025, service was made on Mr. Durante by personally delivering the summons and the operative complaint to an employee of "Reckitt Benckiser, LLC" located in Parsippany, NJ.  Dkt. No. 11.

---

[2] "Ex. []" refers to exhibits to the Perla Declaration.

[3] Plaintiffs also allege Mr. Durante was "responsible" for "adherence to product quality standards" in 2021 by virtue of his position as CEO (¶ 173), "product quality" and "product safety" in 2023 by virtue of his Group Executive Committee membership (¶ 175), and adherence to product quality and safety in 2021 and 2022 by virtue of his Corporate Responsibility, Sustainability, Ethics and Compliance Committee membership (¶¶ 176-86).

The parties thereafter filed a stipulation on September 3, 2025 in which they acknowledged that "Defendant Nicandro Durante takes the position that he has not been served with a complaint in this action [and] has not waived or accepted service…." Dkt. No. 41. Plaintiffs filed an amended complaint on October 20, 2025 which supplemented the Exchange Act claims with a claim under the Financial Services and Markets Act of the UK ("FSMA") against Reckitt. Dkt. No. 44. Among the statements Plaintiffs challenge in the Complaint is a single undoubtedly true statement made by Mr. Durante during an April 26, 2023 trading update call that "Enfamil is … the preferred brand recommended by pediatricians." ¶ 118. Plaintiffs also challenge statements in an annual report published while Mr. Durante was CEO. *See, e.g.*, ¶ 119. Plaintiffs have not filed an affidavit of service of the Complaint.

## ARGUMENT

### I.  The Court Should Dismiss the Claims Against Mr. Durante for Insufficient Service of Process

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Vidurek v. Koskinen*, 789 F. App'x 889, 893 (2d Cir. 2019) (alteration in original) (quoting *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)). Adequate service requires compliance with Federal Rule of Civil Procedure 4. *See DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). When serving a person located in a foreign country, Rule 4(f) provides three acceptable means of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention . . . ; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means . . . as prescribed by the foreign country's law for service in that country . . . ; or (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Adequate service of a person located in Brazil pursuant to Rule 4(f)(1) means service pursuant to a method authorized by the Hague Convention on the Service Abroad

of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention"), to which Brazil is a party.[4]  Service methods authorized by the Hague Service Convention include: "(1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state."  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005) (citing Hague Service Convention, Arts. 5, 6, 8, 9 & 10).  "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process."  *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003); *see Digilytic Int'l FZE v. Alchemy Fin., Inc.*, 2024 WL 4008120, at *6 (S.D.N.Y. Aug. 30, 2024) (court may rely on affidavits when jurisdictional issues are in dispute).

Here, Plaintiffs have made <u>no</u> attempt to serve Mr. Durante in any manner prescribed by Rule 4 or the Hague Service Convention.  Delivering a copy of a summons and complaint to an employee of Reckitt Benckiser LLC in New Jersey did not effect service upon Mr. Durante.  Mr. Durante was not at the time and is not now an employee of Reckitt (¶ 19) so Reckitt Benckiser LLC could not possibly be his agent, and, in any event, service even on an authorized agent is not a permissible method of service under the Hague Service Convention.  *See Kelly v. Vesnaver*, 2017 WL 2389506, at *7 (E.D.N.Y. Apr. 11, 2017), *report and recommendation adopted*, 2017 WL 2389602 (E.D.N.Y. June 1, 2017) ("Plaintiff fails to establish, as a matter of law, that service on an authorized agent is permissible under the Hague Convention.").  Accordingly, the claims against Mr. Durante should be dismissed for insufficient service of process.

---

[4] *See 01: Statute of the Hague Conference on Private International Law*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=29 (listing Brazil as Hague Convention signatory)*.*

## II.      This Court Lacks Personal Jurisdiction Over Mr. Durante

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction, which requires: "(1) procedurally proper service of process, (2) 'a statutory basis for personal jurisdiction that renders such service of process effective' and (3) that 'the exercise of personal jurisdiction ... comport[s] with constitutional due process principles.'" *Fire & Police Pension Ass'n of Colo. v. Bank of Montreal*, 368 F. Supp. 3d 681, 693 (S.D.N.Y. 2019) (quoting *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2016 WL 1268267, at *1 (S.D.N.Y. Mar. 31, 2016)).  Plaintiffs must "establish personal jurisdiction separately over each defendant."  *See In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021).  Plaintiffs have indisputably failed to make the required prima facie showing as to Mr. Durante because they have failed to effect procedurally proper service of process on him.  *See supra* § I.  Thus, the Court lacks personal jurisdiction over Mr. Durante.

In addition, even if Plaintiffs took steps to remedy their failure to serve Mr. Durante, the Court would still lack specific personal jurisdiction over Mr. Durante because Plaintiffs have not demonstrated that the exercise of personal jurisdiction would be consistent with the limits of the Fifth Amendment's Due Process Clause.[5]  *See* 15 U.S.C. § 78aa; *Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478, 487 (S.D.N.Y. 2011) (for Exchange Act claims where the statute "provides for worldwide service of process," courts may "exercise … personal jurisdiction to the limit of the Fifth Amendment's Due Process Clause").  When evaluating whether personal jurisdiction comports with the Fifth Amendment's Due Process Clause, the Court undertakes a "flexible jurisdictional inquiry" that is looser than the "minimum contacts"

---

[5] Plaintiffs do not allege that this Court has general personal jurisdiction over Mr. Durante.

test used for the Fourteenth Amendment and may consider reasonableness factors.  *See Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 16, 23 (2025); *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2025 WL 3022826, at *2, 5 (S.D.N.Y. Oct. 29, 2025) ("*Orient II*") (applying *Fuld* to Securities Act claims).[6]

The Supreme Court has not prescribed a specific test for the "flexible jurisdictional inquiry" but one of the first courts in this district to have undertaken such an inquiry adopted the "sufficient nexus" test under which "[w]hether extraterritorial application violates due process depends on whether there is a sufficient nexus between [the] defendant and the United States such that application would be neither arbitrary nor fundamentally unfair." *Orient II*, 2025 WL 3022826, at *5 (quoting *United States v. Mostafa*, 965 F. Supp. 2d 451, 458 (S.D.N.Y. 2013)). "Courts have found a sufficient nexus to exist based upon factors such as the 'defendant's citizenship or residency, the location of the acts allegedly giving rise to the suit and whether those acts could be expected to or did produce an effect in the United States.'"  *Orient II*, 2025 WL 3022826, at *5 (quoting *Mostafa*, 965 F. Supp. 2d at 459).  The "nexus" requirement is not satisfied unless the defendant acted with "the specific purpose of harming interests of or related to the United States" or "was aware that [his] conduct would have such an effect."  *Orient II*, 2025 WL 3022826, at *5 (quoting *United States v. Bout*, 2011 WL 2693720, at *2 (S.D.N.Y. July 11, 2011)).

There is clearly no such nexus here.  Mr. Durante is a Brazilian citizen who resides in Brazil.  Durante Decl. ¶ 2.  He is a former CEO and board member of a company that is not a

---

[6] Until recently, the analysis under the Due Process Clause of the Fifth Amendment was "basically the same" as the analysis under the Due Process Clause of the Fourteenth Amendment, which relies on the familiar "minimum contacts" and "reasonableness" standards.  *Orient II*, 2025 WL 2613530, at *10.  The Supreme Court in *Fuld v. Palestine Liberation Organization* clarified that the Due Process Clause of the Fifth Amendment does not incorporate the "minimum contacts" standard but noted without deciding that a reasonableness standard may nevertheless still apply.  *See* 606 U.S. at 16, 23.

U.S. issuer of securities. *Id.* ¶¶ 2, 9. There is no allegation in the Complaint that he even set foot in the United States in connection with his former employment or signed any documents filed with the U.S. Securities and Exchange Commission ("SEC"), let alone any that are alleged to be false or misleading. The alleged acts giving rise to this lawsuit occurred in England, where Reckitt is headquartered and from where the challenged statements originated. *See, e.g.*, ¶¶ 118-19; Durante Decl. ¶¶ 5, 7. And there are no plausible allegations in the Complaint that the challenged statements attributable to Mr. Durante—which include the April 26, 2023 trading update call and the 2022 annual report—targeted the United States such that United States interests were harmed or expected to be harmed. *See* Durante Decl. ¶ 7; *cf. Machulsky v. Hall*, 210 F. Supp. 2d 531, 542 (D.N.J. 2002) (no jurisdiction where allegedly defamatory statements targeted "global audience"); *compare Gorbaty v. Mitchell Hamline Sch. of Law*, 2019 WL 3297211, at *3 (D.N.J. July 23, 2019) (no jurisdiction where statements appeared on website "accessible to a nationwide (indeed, global) audience"); *with Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786, 801 (S.D.N.Y. 2018) (exercising personal jurisdiction over CEO of foreign company listed on the New York Stock Exchange who signed the company's SEC filings that were alleged to be false or misleading because the alleged misstatements "[were] designed to violate United States securities regulations").

In addition, it would be arbitrary and unfair to exercise personal jurisdiction over Mr. Durante for the Exchange Act claims on the basis of his positions as CEO or director. While the *Orient II* court found that directors who were defendants to Securities Act claims had a sufficient nexus with the United States "based on their positions within the company, consistent with Congress's design of section 11," this reasoning does not extend to Exchange Act claims generally or to the facts presented here. *Orient II*, 2025 WL 3022826, at *6. The *Orient II*

court's analysis turned on the statutory text of the Securities Act, which specifically extends liability to directors, and the fact that the defendant company had issued securities on a U.S. exchange. *Id.* at *6-7. The Exchange Act contains no similar provision enumerating potential defendants and, as noted, Reckitt securities do not trade on a U.S. exchange.

In the absence of a sufficient nexus, the Court need not inquire into reasonableness. *See Orient II*, 2025 WL 3022826, at *8 (substantial nexus test "already considers fairness"); *cf. In re Alibaba Grp. Holding Ltd. Sec. Litig.*, 2023 WL 2601472, at *4 (S.D.N.Y. Mar. 22, 2023) (reasonableness prong unnecessary to reach if no minimum contacts). However, the reasonableness factors also do not support the exercise of personal jurisdiction. *Fuld*, 606 U.S. at 23-24 (reasonableness turns on multiple factors, including "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987)). Exercising personal jurisdiction over Mr. Durante would burden him with defending himself in a U.S. court against claims that statements he made in England were misleading. *See Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameries*, 2004 WL 2199547, at *16 (S.D.N.Y. Sept. 29, 2004) (finding it would be unreasonable to require defendant to defend suit in New York because "[defendant], a Peruvian bank, would bear a heavy burden if it were required to defend this action in New York"). New York's interests in adjudicating a claim concerning statements made by a Brazilian citizen in England are diminished. And Plaintiffs are free to pursue relief from Mr. Durante in a forum in which he is subject to jurisdiction. *See Grainer v. Smallboard, Inc.*, 2017 WL 736718, at *3 (E.D. Pa. Feb. 24, 2017). Accordingly, to the extent they are considered, the reasonableness factors weigh against the exercise of personal jurisdiction.

**CONCLUSION**

The Court should dismiss the claims against Mr. Durante with prejudice for lack of sufficient service of process or alternatively for lack of personal jurisdiction.

Dated: December 19, 2025                    Respectfully submitted.

                                                                /s/ Michael G. Bongiorno
                                                                Michael G. Bongiorno
                                                                Tamar Kaplan-Marans
                                                                **WILMER CUTLER PICKERING**
                                                                **HALE AND DORR LLP**
                                                                7 World Trade Center
                                                                250 Greenwich Street
                                                                New York, New York 1007
                                                                212 230 8800 (t)
                                                                212 230 8888 (f)
                                                                michael.bongiorno@wilmerhale.com
                                                                tamar.kaplan-marans@wilmerhale.com

                                                                Timothy J. Perla
                                                                Erika M. Schutzman (*pro hac vice pending*)
                                                                **WILMER CUTLER PICKERING**
                                                                **HALE AND DORR LLP**
                                                                60 State Street
                                                                Boston, MA 02109
                                                                617 526 6000 (t)
                                                                617 526 5000 (f)
                                                                timothy.perla@wilmerhale.com
                                                                erika.schutzman@wilmerhale.com

                                                                *Counsel for Defendant Nicandro Durante*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum complies with the word-count limitation of Rule 2(B) of the Court's Individual Rules and Practices in Civil Cases.  According to the word-processing system used to prepare this memorandum, the total word count is 2,684 words.

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno