# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re RECKITT BENCKISER GROUP PLC SECURITIES LITIGATION | No. 1:25-cv-04708-JPC-SDA<br><br>CLASS ACTION<br><br>**ORAL ARGUMENT REQUESTED** |

# REPLY IN SUPPORT OF DEFENDANT NICANDRO DURANTE'S
# MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO
# FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

**TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................... 1

I.     Mr. Durante Withdraws His Motion to Dismiss for Insufficient Service of
Process ...................................................................................................................... 1

II.    There Is an Insufficient Nexus Between Mr. Durante and the United States
for the Court to Exercise Personal Jurisdiction Over Him .................................... 1

CONCLUSION .................................................................................................................... 5

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Copeland v. Fortis*,
    685 F. Supp. 2d 498 (S.D.N.Y. 2010)................................................................................3

*Fuld v. Palestine Liberation Org.*,
    606 U.S. 1 (2025)..............................................................................................................1, 3

*In re Alibaba Grp. Holding Ltd. Sec. Litig.*,
    2023 WL 2601472 (S.D.N.Y. Mar. 22, 2023) ....................................................................4

*In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*,
    2012 WL 1322884 (C.D. Cal. Apr. 16, 2012) ....................................................................3

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
    2017 WL 66281 (N.D. Cal. Jan. 4, 2017) ..........................................................................4

*Keeton v. Hustler Mag., Inc.*,
    465 U.S. 770 (1984)............................................................................................................3

*Mucha v. Volkswagen Aktiengesellschaft*,
    540 F. Supp. 3d 269 (E.D.N.Y. 2021) ...............................................................................4

*Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*,
    808 F. Supp. 3d 609 (S.D.N.Y. 2025)........................................................................ *passim*

*Pinker v. Roche Holdings Ltd.*,
    292 F.3d 361 (3d Cir. 2002)...............................................................................................4

*S.E.C. v. Straub*,
    921 F. Supp. 2d 244 (S.D.N.Y. 2013)................................................................................4

*Tarsavage v. CITIC Tr. Co.*,
    3 F. Supp. 3d 137 (S.D.N.Y. 2014) ...................................................................................4

**Statute**

15 U.S.C. § 78aa ...........................................................................................................................2

Defendant Nicandro Durante submits this reply memorandum in support of his motion to dismiss the Amended Complaint, Dkt. 44 ("Complaint"), pursuant to Federal Rule of Civil Procedure 12(b)(2).  Mr. Durante also joins Defendants' reply memorandum in support of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed contemporaneously.

**ARGUMENT**

**I.       Mr. Durante Withdraws His Motion to Dismiss for Insufficient Service of Process**

Contrary to Plaintiffs' arguments in opposition, Mr. Durante's motion to dismiss for inadequate service pursuant to Federal Rule of Civil Procedure 12(b)(5) was timely and substantiated.  *See* Opp. 5; Mem. 3-4.  As of December 19, 2025, Plaintiffs had not accomplished service in Brazil or even sought a revised summons.  *See* Ellman Decl. ¶¶4, 6.  However, in light of an attempt at service on Mr. Durante in Brazil in March 2026, Mr. Durante withdraws his motion to dismiss for inadequate service without prejudice to renewal should counsel determine that the attempted service was inadequate.

**II.      There Is an Insufficient Nexus Between Mr. Durante and the United States for the Court to Exercise Personal Jurisdiction Over Him**

Mr. Durante, who is a Brazilian citizen residing in Brazil and a former employee of Reckitt, demonstrated in his opening brief that Plaintiffs failed to make a prima facie showing of personal jurisdiction because there was not a "sufficient nexus" between him, the conduct alleged in the Complaint, and the United States.  Mem. 5-8.  The Opposition fails to cure this defect and seeks to stretch the boundaries of specific personal jurisdiction beyond what courts have contemplated.

The parties agree that in the absence of a directive from the Second Circuit on the application of *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 16, 24 (2025), to personal

- 1 -

jurisdiction in Exchange Act cases, the "sufficient nexus" test is one approach that may be used to determine whether exercising personal jurisdiction over a foreign defendant would be arbitrary or unfair.  Mem. 6; Opp. 7; 15 U.S.C. § 78aa; *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 808 F. Supp. 3d 609, 619-21 (S.D.N.Y. 2025) ("*Orient II*").  The sufficient nexus test is "based upon factors such as the 'defendant's citizenship or residency, the location of the acts allegedly giving rise to the suit and whether those acts could be expected to or did produce an effect in the United States.'"  *Orient II*, 808 F. Supp. 3d at 620 (citations omitted).  Further, the test is satisfied if the defendant acted with "the specific purpose of harming interests of or related to the United States" or "was aware that [his] conduct would have such an effect."[1] Mem. 8 (citing *Orient II*, 808 F. Supp. 3d at 620-21).  Plaintiffs concede that Mr. Durante did not act with the requisite "specific purpose" and argue solely that he must have been "aware that [his] conduct would have such an effect."  Opp. 8.  This theory is speculative and would expand the scope of specific personal jurisdiction beyond the bounds of due process.

Plaintiffs' central argument is that this Court may exercise specific personal jurisdiction over Mr. Durante because he signed several Forms F-6, which registered Reckitt's American Depository Shares ("ADSs"), and annual reports while a director of the Company.  Opp. 11-12.  As to the Forms F-6, Plaintiffs point to Forms F-6 from 2008, 2012, 2018, and 2020 filed with the U.S. Securities and Exchange Commission, but the Forms F-6 are not referenced in the Complaint, and none is alleged to be false or misleading.  *See* Opp. 10-11; ¶¶87-156.  Mr. Durante's signatures on those Forms F-6 therefore do not meet the sufficient nexus test, which focuses in part on "the location of the ***acts allegedly giving rise to the suit*** and whether ***those***

---

[1] Plaintiffs contrive a disagreement over *Orient II*'s holding, Opp. 8 n.5, but both parties apparently agree that the "sufficient nexus" test is disjunctive.  Mem. 8 (citing *Orient II*, 808 F. Supp. 3d at 620-21); Opp. 8.

*acts* could be expected to" harm U.S. interests. *See Orient II*, 808 F. Supp. 3d at 620 (emphasis added). As to Reckitt's annual reports, Plaintiffs have not demonstrated that any of the annual reports were directed to U.S. investors or that Mr. Durante knew that such statements would have an effect of harming U.S. interests. Opp. 11-12. These reports were focused on a global audience, which is insufficient. *See* Mem. 7 (collecting cases).

What remains is Plaintiffs' bare assertion that this Court has specific personal jurisdiction over Mr. Durante, a foreign national and former director and officer of a foreign issuer, because he "ma[de] or approve[d] allegedly false and misleading statements on behalf of a company that sponsors ADSs." Opp. 9-10. This takes *Fuld* and the limited case law applying it a step too far because the requisite nexus to the U.S. has not been shown. *See* 606 U.S. at 1. Reckitt's ADSs trade on an over-the-counter market and can be purchased from anywhere in the world. ¶17. Moreover, "[t]rade in ADRs is considered to be a predominantly foreign securities transaction." *Copeland v. Fortis*, 685 F. Supp. 2d 498, 506 (S.D.N.Y. 2010), *clarified on denial of reconsideration*, 2010 WL 2102454 (S.D.N.Y. May 20, 2010) (quotations omitted). Additionally, extending specific personal jurisdiction over a foreign individual based on a *company***'s** sponsorship of ADSs bootstraps jurisdiction over an individual based on jurisdiction over a company, which is impermissible. *See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 2012 WL 1322884, at *7-9 (C.D. Cal. Apr. 16, 2012) (applying *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781, n. 13 (1984); dismissing securities fraud claims against corporate officers for lack of personal jurisdiction); *see also Orient II*, 808 F. Supp. 3d at 620-21 ("sufficient nexus" inquiry focuses on defendant's specific purpose and awareness).

The cases Plaintiffs cite in support of their argument that this Court has jurisdiction over Mr. Durante because of Reckitt's ADSs are inapposite or easily distinguishable from the facts

- 3 -

alleged here.  Opp. 9-10.  *Pinker v. Roche Holdings Ltd.* is inapposite because there the court found that an *issuer* was subject to personal jurisdiction but made no such finding with respect to any *individual defendant*.  292 F.3d 361, 372-73 (3d Cir. 2002).  The remaining cases—*Mucha*, *Straub*, and *Clean Diesel*—are similarly pre-*Fuld* cases, the applicability of which to this case is uncertain, and each involves specific allegations concerning foreign defendants that are sufficient to demonstrate that the defendants acted with the "specific purpose" of harming interests in the United States.  *See Mucha v. Volkswagen Aktiengesellschaft*, 540 F. Supp. 3d 269, 283-85 (E.D.N.Y. 2021) (finding each individual defendant was "directly involved in . . . day-to-day operations" and "was directly involved in drafting, producing, reviewing and/or disseminating [] false and misleading statements"), *aff'd sub nom. Mucha v. Winterkorn*, No. 21-1511-CV, 2022 WL 774877 (2d Cir. Mar. 15, 2022); *S.E.C. v. Straub*, 921 F. Supp. 2d 244, 256 (S.D.N.Y. 2013) ("[d]efendants allegedly engaged in a cover-up through their statements to [the company's] auditors" and thus knew company was making "false financial statements and filings"); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 2017 WL 66281, at *22 (N.D. Cal. Jan. 4, 2017) (finding personal jurisdiction based on alleged "transactional aspects of securities fraud," which "may establish purposeful availment").[2]  As noted above, the allegations concerning Mr. Durante do not demonstrate the same nexus to the United States and fail to establish that there was a sufficient nexus between his actions allegedly giving rise to this

---

[2] The *Clean Diesel* court also held, citing Ninth Circuit case law, that it had personal jurisdiction over the defendant based on his alleged status as a "control person."  *Id.* at *21.  But courts in the Second Circuit have historically not recognized personal jurisdiction arising from control-person allegations.  *See In re Alibaba Grp. Holding Ltd. Sec. Litig.*, 2023 WL 2601472, at *7 (S.D.N.Y. Mar. 22, 2023) ("Plaintiffs' sweeping allegations regarding [defendant's] control over [company] are insufficient to establish personal jurisdiction."); *Tarsavage v. CITIC Tr. Co.*, 3 F. Supp. 3d 137, 147 (S.D.N.Y. 2014) ("Control person 'status alone [is] insufficient to warrant the conclusion that [defendant's] contacts with the United States satisf[y] the requirements of due process.'" (citations omitted)).

suit and the United States, as compared to the global audience.  *See Orient II*, 808 F. Supp. 3d at 619-20.

## CONCLUSION

For these reasons and those in Mr. Durante's opening brief, the Court should dismiss the Complaint against Mr. Durante for lack of personal jurisdiction.

Dated: March 19, 2026              Respectfully submitted,

                                   */s/ Michael G. Bongiorno*
                                   Michael G. Bongiorno
                                   Tamar Kaplan-Marans
                                   **WILMER CUTLER PICKERING
                                      HALE AND DORR LLP**
                                   7 World Trade Center
                                   250 Greenwich Street
                                   New York, New York 1007
                                   212 230 8800 (t)
                                   212 230 8888 (f)
                                   michael.bongiorno@wilmerhale.com
                                   tamar.kaplan-marans@wilmerhale.com

                                   Timothy J. Perla
                                   Erika M. Schutzman (*admitted pro hac vice*)
                                   **WILMER CUTLER PICKERING
                                      HALE AND DORR LLP**
                                   60 State Street
                                   Boston, MA 02109
                                   617 526 6000 (t)
                                   617 526 5000 (f)
                                   timothy.perla@wilmerhale.com
                                   erika.schutzman@wilmerhale.com

                                   *Counsel for Defendant Nicandro Durante*

- 6 -

## CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum complies with the word-count limitation of Rule 2(B) of the Court's Individual Rules and Practices in Civil Cases.  According to the word-processing system used to prepare this memorandum, the total word count is 1,398 words.

/s/ Michael G. Bongiorno
Michael G. Bongiorno