UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE RECKITT BENCKISER GROUP PLC SECURITIES LITIGATION | : | 25 Civ. 4708 (JPC) (SDA) ORDER |

JOHN P. CRONAN, United States District Judge:

The operative Amended Complaint in this case was filed on October 20, 2025. Dkt. 44 ("Am. Compl."). Defendants moved to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on December 19, 2025. Dkts. 50-54. That same day, Defendant Nicandro Durante further moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process, respectively. Dkts. 56-58. The parties all requested oral argument on the motions. Dkts. 55, 59, 72, 74. And briefing on both motions was complete by March 19, 2026. Dkts. 78-80.

On July 15, 2026, Plaintiffs sought leave to further amend the Amended Complaint "based on evidence they recently obtained, and anticipate obtaining, from product-liability actions involving Mead Johnson & Company, LLC ('Mead Johnson')," a subsidiary of Defendant Reckitt Benckiser Group plc, "and the same bovine-based preterm formula products" that are the subject of this litigation. Dkt. 83 ("Motion") at 1-2; *see, e.g.*, Am. Compl. ¶ 5 (alleging that these formulas "carry a substantially increased risk of necrotizing enterocolitis ('NEC') in preterm infants"). According to Plaintiffs, "these materials strengthen Plaintiffs' core allegations: that Defendants understood—but failed to disclose to investors—that their bovine-based preterm formula posed a materially elevated risk of NEC in premature infants." Motion at 2.

The Court grants Plaintiffs' motion for leave to amend, a decision within its "sound discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Under the

Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is thus "liberally granted." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). To be sure, leave "may properly be denied" on grounds such as "futility of amendment," "undue delay, . . . or dilatory motive," and "undue prejudice to the opposing party." *Id.* (internal quotation marks omitted). And Defendants indeed raise those grounds as reason to deny leave to amend. Dkt. 84 ("Opposition") at 1-3. But none of those grounds persuades the Court to exercise its discretion differently.

As for futility, because such "a determination" is that "proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure," *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012), "the typical course" in situations like this one "is to permit amendment and address futility arguments in the context of a fully briefed motion to dismiss" in order to "further efficiency and save judicial resources," *Chan v. City of New York*, No. 19 Civ. 7239 (RPK) (SJB), 2021 WL 6502292, at *3-4 (E.D.N.Y. Dec. 29, 2021); *see* Dkt. 73 (Plaintiffs' opposition to Defendants' Rule 12(b)(6) motion) at 30 n.18 (requesting leave to amend "[s]hould the Court find the [Amended] Complaint to be deficient in any respect"). And "[m]ere delay . . . does not provide a basis for the district court to deny the right to amend" "absent a showing of bad faith or undue prejudice." *Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted). Defendants do not suggest bad faith on Plaintiffs' part, and their assertions of prejudice are unpersuasive. The Court is sympathetic that Defendants "have already been put to the expense of fully briefing a motion to dismiss the amended complaint," Opposition at 3, but "complaints of the time, effort and money expended in litigating the matter, without more, do not constitute prejudice sufficient to warrant denial of leave to amend," *JoySuds, LLC v. N.V. Labs, Inc.*, No. 22 Civ. 3781 (JPC), 2023 WL 6548728, at *6 (S.D.N.Y. Oct. 9, 2023) (citation modified). Defendants assert additional prejudice

in that Plaintiffs are seeking "to defer an anticipated dismissal and to set a precedent for further amendments as the product liability cases develop." Opposition at 3 & n.3. But the former could be said of any request for leave to amend after a motion to dismiss is filed, let alone fully briefed. *But see id.* at 3 ("Defendants moved to dismiss in December 2025. Rather than amend again, Plaintiffs chose to file an opposition brief in February 2026 . . . ." (internal citation omitted)). And the latter can be addressed by the Court declining to exercise its discretion to grant further leave to amend should Plaintiffs try "to use unfolding proceedings as a rolling opportunity to replead and avoid a ruling on the then-operative pleading." *Id.* So the Court warns Plaintiffs that further amendment based on other proceedings will be strongly disfavored.

For these reasons, the Court grants Plaintiff's request for leave to file a Second Amended Complaint. Defendants' motion to dismiss the Amended Complaint for failure to state a claim is denied without prejudice as moot. For efficiency's sake, the Amended Complaint should also include any further allegations establishing personal jurisdiction over Defendant Nicandro Durante, provided that Plaintiffs have a good-faith basis to assert them. *Cf.* Dkt. 80 (Durante's reply brief in support of his motion to dismiss for lack of personal jurisdiction) at 2 ("As to the Forms F-6, Plaintiffs point to Forms F-6 from 2008, 2012, 2018, and 2020 filed with the U.S. Securities and Exchange Commission, but the Forms F-6 are not referenced in the [Amended] Complaint, and none is alleged to be false or misleading."). So the Court likewise denies Durante's motion to dismiss for lack of personal jurisdiction without prejudice as moot.[1] And it follows that the requests for oral argument are moot, too.

[1] In his reply brief, Durante withdrew his motion to dismiss for insufficient service of process, Dkt. 80 at 1, so that motion is denied without prejudice as well.

Plaintiffs shall file a Second Amended Complaint, or request an extension to do so, by August 21, 2026. The Clerk of Court is respectfully directed to close Docket Numbers 50, 55, 56, 59, 72, 74, and 83.

SO ORDERED.

Dated: July 22, 2026
New York, New York

JOHN P. CRONAN
United States District Judge